IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYANT JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11 C 5286 |
| ) | |
| ERIC H. HOLDER, JR., in his official ) | |
| capacity as Attorney General, United ) | |
| States Department of Justice, and ) | |
| ROBERT S. MUELLER III, in his ) | |
| official capacity as Director of the ) | |
| Federal Bureau of Investigation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bryant C. Jones has sued Eric H. Holder, Jr., in his official capacity as Attorney General of the United States and Robert S. Mueller III, in his official capacity as Director of the Federal Bureau of Investigation (FBI). Jones challenges the termination of his employment as an FBI agent. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons stated below, the Court defers ruling on the motion to dismiss and grants Jones leave to file an amended complaint.

### Background

Jones was employed by the FBI as a special agent. In March 2008, he was involved in a domestic dispute with his wife and was subsequently arrested by local

police. All charges against Jones were later dismissed, and the record of his arrest was expunged.

In April 2008, the FBI's Office of Professional Responsibility (OPR) was assigned to conduct an administrative inquiry into Jones's domestic dispute. Following this investigation, OPR determined that Jones had violated several provisions of the FBI Offense Code. OPR concluded that these findings warranted a recommendation of Jones's immediate dismissal from the FBI. Jones appealed these findings and the recommendation of dismissal. Nonetheless, OPR concluded on March 6, 2009 that Jones had engaged in willful and intentional violations of FBI rules and regulations and that this warranted his dismissal from the FBI. Jones subsequently appealed this decision to the FBI's Disciplinary Review Board, which upheld his dismissal.

Jones then filed an appeal to the Merit Systems Protection Board (MSPB), asking the MSPB to review the FBI's disciplinary action and determine whether the FBI had violated his due process rights. An administrative judge determined that Jones lacked standing to appeal to the MSPB because of his status as a non-preference, excepted employee under 5 U.S.C. §7511(b)(8). Section 7511(b)(8) provides that the statutory provisions for review of adverse action against federal employees do not apply to FBI employees, among others.

Jones appealed the MSPB's ruling to the United States Court of Appeals for the Federal Circuit. That court dismissed his appeal in November 2010, holding that it lacked jurisdiction to review the MSPB's findings. The court also declined to consider Jones's due process claim on the ground that it lacked jurisdiction to do so.

Following the Federal Circuit's decision, Jones filed the present lawsuit. He sues

the Attorney General and the Director of the FBI in their official capacities. Jones alleges that the FBI wrongfully deprived him of a protectable property interest in continued employment without due process of law. In his complaint, Jones seeks reinstatement, back pay, expungement of records relating to the OPR investigation, and other relief.

## Discussion

Defendants have moved to dismiss Jones's complaint pursuant to Rules 12(b)(1) and 12(b)(6). They contend that (1) the United States maintains sovereign immunity for constitutional torts; (2) the Court does not have subject matter jurisdiction over civil service personnel disputes; and (3) Jones has not stated a cognizable claim for relief.

The Court addresses defendants' jurisdictional challenge first. When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court accepts the complaint's factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir. 1993). The party asserting jurisdiction has the burden of proving it exists, and a court is free to consider and weigh evidence outside the complaint to determine whether jurisdiction has been established. *United Phosphorus Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

The Court begins with the defendants' contention that it lacks subject matter jurisdiction over civil service personnel disputes. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) authorizes the filing of constitutional suits against individual federal officers. Via the Civil Service Reform Act of 1978 (CSRA), Pub. L. 95-454, 92 Stat. 1111 *et seq.*, however, Congress gave the

MSPB exclusive jurisdiction over federal civil service personnel disputes. *Paige v. Cisneros*, 91 F.3d 40, 42 (7th Cir. 1996).

At the time Jones was discharged, however, the CSRA precluded FBI employees from appealing to the MSPB to challenge discharges of the type involved here. *See* 5 U.S.C. § 7511(b)(8). The fact that Jones lacked a remedy under the CSRA, however, does not entitle him to review in district court of the FBI's adverse personnel action. *See Paige*, 91 F.3d at 43. In *United States v. Fausto*, 484 U.S. 439 (1988), the Supreme Court held that by creating a comprehensive review system, the CSRA implicitly repealed the jurisdiction of the federal district courts over personnel actions of the type appealable to the MSPB. *Id.* at 446. This preclusion applies "*even when the action is against a member . . . who has no right to MSPB review.*" *Paige*, 91 F.3d at 43.

Though this means that Jones lacks an administrative remedy for his dismissal, that does not entitle him to a *Bivens* damages remedy. The Supreme Court determined in *Bush v. Lucas*, 462 U.S. 367, 389 (1983), that Congress was in a better position than the courts to determine what remedies should be provided to civil service employees. Courts typically "may not provide constitutional remedies to supplement a congressionally-established administrative system even where that system's remedies are not as complete as the constitutional remedy might be." *Robbins v. Bentson*, 41 F.3d 1195, 1201 (7th Cir. 1994). Even if the CSRA's remedies are incomplete, "the Act provides an adequate remedial scheme and therefore precludes a *Bivens* claim. Consequently, a court need not look into the meaningfulness of an individual federal employee's remedy within the CSRA." *Richards v. Kiernan*, 461 F.3d 880, 884 (7th Cir.

2006).

In sum, Jones's claims for monetary relief under *Bivens* are not cognizable because of the administrative scheme created by the CSRA. In his response to the motion to dismiss, however, Jones points out that he also seeks equitable relief, specifically, reinstatement. In *Paige*, the Seventh Circuit noted that two circuits had held that the CSRA "does not affect the general grant of federal-question jurisdiction in 28 U.S.C. § 1331 and waiver of sovereign immunity in 5 U.S.C. § 702 for cases seeking prospective relief," though three had held the opposite. *See Paige*, 91 F.3d at 44. The court did not choose between these competing lines of authority in *Paige* because any constitutional claim the plaintiff could make in that case was deficient. Thus it is still an open question in this Circuit whether a plaintiff can sue for equitable relief under *Bivens.* The Court also notes that the Supreme Court is reviewing the issue of whether the CSRA precludes claims for equitable relief. *See Elgin v. U.S. Dept. of Treasury*, 641 F.3d 6 (1st Cir. 2011), *cert. granted*, 132 S. Ct. 453 (Oct. 17, 2011).

In his response to the motion to dismiss, Jones concedes that his current complaint seeks monetary relief as well as reinstatement. He seeks to amend the complaint to strike the monetary requests. The Court also suggests that plaintiff consider further amendments in light of defendants' arguments that the complaint in its current form does not adequately describe a property interest cognizable under the Due Process Clause. The Court will defer further consideration of the availability of equitable relief pending amendment of the complaint.

## Conclusion

For the reasons stated above, the Court enters and continues defendants'

motion to dismiss pending plaintiff's filing of an amended complaint. The Court gives plaintiff until March 20, 2012 to file an amended complaint. The case is set for a status hearing on March 22, 2012 at 9:30 a.m.

                                                           s/ Matthew F. Kennelly
                                                           MATTHEW F. KENNELLY
                                                         United States District Judge

Date: March 7, 2012