# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5286 | **DATE** | 5/7/2012 |
| **CASE TITLE** | Jones vs. Holder, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants defendants' motion to dismiss [docket nos. 7 & 23] and directs the Clerk to enter judgment in favor of defendants. The status hearing / ruling date of 5/10/12 is vacated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Former FBI agent Bryant Jones sued to challenge the termination of his employment. Defendants, Attorney General Eric Holder and FBI director Robert Mueller, moved to dismiss. In a memorandum opinion dated March 7, 2012, the Court concluded that Jones did not have a cognizable claim for monetary relief and that his only conceivable remedy was a claim for equitable relief (i.e., reinstatement) on a theory that he was deprived of property without due process of law. The Court deferred ruling on the motion to dismiss to give Jones an opportunity to amend. Jones has done so, and defendants have again moved to dismiss.

Defendants raise several issues in their motion. The Court assumes, without deciding, that the law permits a person in Jones' position to seek equitable relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and its progeny, and that Jones has sufficiently alleged that he had a property interest in continued employment. Defendants argue that even if all of this is so, Jones' complaint reflects that he received due process of law and thus has no viable claim. Jones alleges that after an off-the-job domestic incident in March 2008, he was interviewed by his supervisor and answered questions under oath. The FBI's internal office of professional responsibility conducted a further inquiry. The investigating official determined that Jones had violated provisions of the FBI code and that this warranted a recommendation of his dismissal from the agency. The FBI then informed Jones that there was cause for his removal and gave him an opportunity to respond. Jones did so, in writing. The assistant director of the office of professional responsibility considered these materials and concluded that there was sufficient proof that Jones had engaged in willful and intentional violations of FBI rules and that his dismissal was warranted. Jones then appealed to the agency's disciplinary review board. After considering a further submission from Jones, the review board upheld his dismissal.

In their opening brief, defendants argued that these allegations in Jones' complaint established that he received all of the process he was due. In response, Jones argues that the agency's decision failed to

| STATEMENT |
|---|

establish a nexus between the alleged misconduct and the agency's performance of its functions. He says that the review board's summary finding that Jones' conduct had "adversely affected the FBI's reputation" with local law enforcement agencies was insufficient. That, however, is a challenge to the substance of the agency's decision as opposed to the adequacy of the process that Jones was afforded. The adequacy of a remedy does not turn on a party's satisfaction with its outcome. *See, e.g., Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990) (en banc). Before terminating Jones, the FBI gave him multiple opportunities to tell his side of the story and to argue against his dismissal. The Due Process Clause did not require more than this. *See Paige v. Cisneros*, 91 F.3d 40, 44 (7th Cir. 1996); *see generally Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543-46 (1985) (Constitution does not require a full evidentiary hearing; what is required is notice and an opportunity to present reasons why the proposed action should not be taken).

Because Jones' complaint establishes that he cannot succeed on a procedural due process claim, the Court grants defendants' motion to dismiss [docket nos. 7 & 23] and directs the Clerk to enter judgment in favor of defendants. The status hearing / ruling date of 5/10/12 is vacated.